UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**J & J SPORTS PRODUCTIONS INC.,**
    Plaintiff,

    v.                                      Case No. 15-C-0707

**REALTY DIRECTIONS-WISCONSIN, LLC,**
d/b/a Wisco Sports Bar & Grill, and
**HIEN T. TRAN,** individually and as registered
agent of Realty Directions-Wisconsin, LLC,
    Defendants.

---

## DECISION AND ORDER

Plaintiff J & J Sports Productions, Inc., brought this action under 47 U.S.C. §§ 605 and 553, and alleges that defendant Realty Directions-Wisconsin, LLC and Hien T. Tran illegally intercepted and exhibited plaintiff's closed-circuit and encrypted broadcast of a boxing match on December 8, 2012. The Clerk of Court has entered the defendants' default, and the plaintiff has moved for a default judgment under Federal Rule of Civil Procedure 55(b).

The plaintiff has elected to claim relief under 47 U.S.C. § 605(e). It asks for a total statutory damages award of $110,000, plus attorneys' fees and costs of $1,870. I find that the requested amount of costs and attorneys' fees is reasonable and proper. See 47 U.S.C. § 605(e)(3)(B)(iii). Moreover, the plaintiff is entitled to statutory damages of at least $1,000 under § 605(e)(3)(C)(i)(II). This same part of the statute provides that the court may increase the award of statutory damages to up to $10,000 "as the court considers just." In addition, § 605(e)(3)(C)(ii) provides that "[i]n any case in which the court finds that

the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000." Evidently, the plaintiff thinks that I should, in my discretion, award statutory damages in the amount of $10,000 and then increase the award by $100,000. However, the plaintiff has provided me with no information or argument in support of its request that I increase the damage award to the maximum amount permitted by law. Thus, I have no basis for concluding that a statutory-damages award of $10,000 is "just" or that I should exercise my discretion to increase this award by $100,000.

Attached to plaintiff's counsel's affidavit is a rate card showing that the cost of legally exhibiting the boxing match was $2,200 for a facility of the defendant's size (50 patrons). I conclude that a proper penalty for illegally intercepting the broadcast is to triple the legal cost of exhibiting the match. This results in statutory damages in the amount of $6,600. I will enter a default judgment for that amount, plus $1,870 in costs and attorneys' fees, unless prior to November 25, 2015, the plaintiff notifies me that it would like an opportunity to submit a brief in which it argues that I should further increase the award of statutory damages.

Accordingly, **IT IS ORDERED** that the plaintiff's motion for default judgment is **GRANTED IN PART**. Judgment will be entered in the amount of $8,470 unless, prior to November 25, 2015, the plaintiff indicates that it would like an opportunity to argue for an increased damages award.

Dated at Milwaukee, Wisconsin this 18th day of November, 2015.

                                        s/ Lynn Adelman
                                        _____
                                        LYNN ADELMAN
                                        District Judge

3

Case 2:15-cv-00707-LA   Filed 11/18/15   Page 3 of 3   Document 12